O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RHONDA MOSBY, | Case No. CV 10-7823-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Rhonda Mosby seeks judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits ("DIB") and Social Security Disability Insurance ("SSDI") benefits. For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I. Facts and Procedural Background**

Plaintiff was born on November 25, 1961. She completed high school and has work experience as a certified nurse's assistant. (Administrative Record ("AR") 17, 98, 102, 106.) Plaintiff filed her applications for benefits on November 29, 2007, alleging

1

disability beginning December 1, 1996, due to schizophrenia, bipolar disorder, and back, hand and leg pain. (AR 45, 90, 101.) Her application was denied initially on May 30, 2008. (AR 47-51.) An administrative hearing was held on June 24, 2009, before Administrative Law Judge ("ALJ") Maxine R. Benmour. Plaintiff was represented by counsel and testified on her own behalf. (AR 24-37.) ALJ Benmour issued an unfavorable decision on August 11, 2009. (AR 12-19.) The ALJ found that Plaintiff suffered from the severe impairments of depression, uterine fibroids, knee pain and obesity. (Id.) However, these severe impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 15.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as follows: "The claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. She can sit, stand, and walk for six hours in an eight-hour day with normal breaks. She can occasionally climb, balance, stoop, kneel, crouch, crawl, and squat. She is limited to simple, one-to-two-step job instructions with no production quotas and occasional contact with supervisors, co-workers, and the public." (AR 15.) Although Plaintiff could not perform her past relevant work as a certified nurse's assistant, the ALJ concluded that there were jobs in the national economy which Plaintiff could perform, such as hand packager and sandwich maker, and therefore Plaintiff was not disabled under the Social Security Act. (AR 17, 18.)

The Appeals Council denied review on August 20, 2010 (AR 1-4), and Plaintiff commenced this action for judicial review. On June 20, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of

disputed facts and issues, including the following claims of error: (1) the ALJ failed to properly consider the opinion of Plaintiff's treating psychiatrist; and (2) the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints. (Joint Stip. 3.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. 24.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 24-25.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at

3

882.

**III. Discussion**

    **A.    The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating psychiatrist, Dr. Richard King, M.D. (Joint Stip. 4.) On April 9, 2008, Dr. King diagnosed Plaintiff with major depressive order with psychotic features. (AR 207.) He prescribed the drugs Geodon and Lexapro. (Id.) Also, in a Mental Residual Functional Capacity Questionnaire, completed on May 7, 2009, Dr. King diagnosed Petitioner with depression and bipolar disorder, with a GAF score of 50 and found that Plaintiff had marked limitations in the ability to perform various work-related functions. (AR 226-231.)

An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength

4

of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ provided several legitimate reasons for refusing to give Dr. King's opinion controlling weight, each of which was supported by substantial evidence in the record. First, the ALJ found that the May 7, 2009 Mental Residual Functional Capacity Report completed by Dr. King was not fully credible because there were no medical or other treatment records to support the extreme functional limitations found by Dr. King. (AR 16.) The ALJ noted that there was no evidence in Plaintiff's medical history to support Dr. King's claim that Plaintiff "has an extreme inability to maintain attention and concentration for extended periods or perform activities within a schedule, maintain regular attendance, and be punctual...." (Id.) An ALJ may discredit a treating physician's opinion if it is conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan*, 242 F.3d at 1149. In addition, although the ALJ did not determine whether or not Plaintiff was a malingerer, the ALJ did note that at least one treating source at the West Central Mental Health Clinic, where Plaintiff received mental health treatment, questioned whether Plaintiff was malingering. (AR 16, citing AR 202.)

The ALJ also noted that Dr. King's claims of severe mental impairment and limitations was undermined by Plaintiff's failure to follow through with her mental health treatment. For example, the

5

ALJ noted that in December 2005, the West Central Mental Health Clinic closed her case file because she had not had any contact with the clinic for at least 90 days. (AR 219.) The records also showed that she did not return to the clinic until October 2007, almost two years after her file was closed. (AR 142-148.) The ALJ may consider the unexplained failure to seek treatment or follow a prescribed course of treatment. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

In addition, Dr. King's finding of marked limitations in Plaintiff's ability to perform work-related activities was inconsistent with the findings of the consultative examining psychiatrist, Dr. Jason Yang, M.D. Contrary to Dr. King's opinion that Plaintiff was extremely limited in her ability to perform a range of work-related functions, Dr. Yang found that Plaintiff only had mild limitations in her ability to understand, remember and carry out complex job instructions, and was not otherwise significantly limited. (AR 160-164.) If a treating physician's opinion is contradicted by an examining professional's opinion, which is supported by different independent clinical findings, the Commissioner may resolve the conflict by relying on the latter. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Orn*, 495 F.3d at 632 (ALJ may reject opinion of treating physician in favor of examining physician whose opinion rests on independent clinical findings). Here, the ALJ properly resolved the conflict between Dr. King's finding of extreme functional limitations and Dr. Yang's finding that Plaintiff had only mild restrictions by assessing an RFC that limited Plaintiff to simple instructions and only occasional contact with others. (AR 15.) *See Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989) (holding that it is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine the credibility of medical sources). Accordingly, no relief is warranted on this claim of error.

**B. The ALJ Properly Discredited Plaintiff's Subjective Symptom Testimony**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her subjective symptom testimony. (Joint Stip. 16.) Plaintiff testified at the administrative hearing that she suffers from recurrent crying spells two or three times a week that last all day. (AR 27.) She also testified that she hears and responds to her deceased mother's voice on a regular basis. (AR 28.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged

pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of the claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (AR 17.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they are inconsistent"

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

with the ALJ's assessment that Plaintiff retained the RFC to perform medium work with certain limitations. (Id.) Because there was no evidence of malingering (aside from the single notation in Plaintiff's medical records as noted above), the ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ provided two reasons for rejecting Plaintiff's testimony. The ALJ found that Plaintiff's medication improved her condition and that Plaintiff's ability to perform various activities of daily living was at odds with her claims of disabling depression condition. (AR 17.) The ALJ noted that Plaintiff "is able to take care of her personal and household needs, has activities that she enjoys, has friends, sleeps well with medication, and feels better when she takes her medication." (Id.) Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

The ALJ also noted that Plaintiff's "treatment history does not indicate disabling depression." (AR 17.) The ALJ noted that

9

Plaintiff sees her psychiatrist, Dr. King, only every few months and does not see an individual therapist. (Id.) *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding that claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment"); *see also Flaten v. Secretary*, 44 F.3d 1456, 1464 (9th Cir. 1995) (ALJ permitted to draw rational inferences from treatment history).

The ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

Plaintiff also contends that the ALJ erred by failing to address the written statement of her friend Donald Johnson. (Joint Stip. 18.) In a Function Report - Adult - Third Party, dated March 2008, Mr. Johnson reported that Plaintiff is very slow at doing things, that she cries frequently and that she is unable to deal with stress. (AR 116-123.)

A lay witness can provide testimony about Plaintiff's symptoms

10

and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-919 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

As a preliminary matter, the Court notes that, unlike lay *testimony*, there is no controlling precedent requiring an ALJ to explicitly address *written* statements, such as the Function Report form in this case. Indeed, it is clear that an ALJ is not required to discuss all evidence in the record in detail. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Moreover, any possible error by the ALJ in failing to discuss the written report completed by Mr. Johnson was harmless error. *See Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (ALJ's failure to properly discuss competent lay testimony favorable to the claimant is harmless error if a court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). Here, Mr. Johnson's statements regarding Plaintiff's limitations were largely cumulative of Plaintiff's own testimony and written reports. Mr. Johnson did not describe any functional limitations that were different or more serious that those Plaintiff herself alleged. Accordingly, even if the ALJ had fully and properly credited Mr. Johnson's report, the ALJ would not

have reached a different disability determination, and therefore, any error was harmless. Accordingly, Plaintiff is not entitled to relief.

**IV. Conclusion**

    For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

Dated: June 27, 2011

                                                             _____
                                                              Marc L. Goldman
                                                              United States Magistrate Judge